

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Aaron L. Nielson  
Solicitor General

Aaron.Nielson@oag.texas.gov  
(512) 463-2100

September 24, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk  
Court of Appeals for The Fifth Circuit

Re:   *State of Texas v. Biden*, No. 23-40671 (argued August 6, 2024)

Dear Mr. Cayce:

*Mayfield v. Department of Labor*, No. 23-50724 (Sept. 11, 2024), is irrelevant for at least seven reasons:

1. Precedent forecloses the Department's interpretation of the Procurement Act, which combines a necessary-and-proper clause with an inoperative purpose clause rather than a specific operative clause. *See, e.g.*, *Contender Farms v. Dep't of Agric.*, 779 F.3d 258, 273 (5th Cir. 2015); *Cent. Forwarding, Inc. v. ICC*, 698 F.2d 1266, 1277 (5th Cir. 1983). The Department has not cited any non-Procurement Act cases upholding such an interpretation.

2. Regardless, the no-elephants-in-mouseholes principle is not limited to major questions. *Heating, Air Conditioning & Refrigeration Distribs. Int'l v. EPA*, 71 F.4th 59, 67-68 (D.C. Cir. 2023).

3. Expansive interpretations of the Act violate the major-questions doctrine. *Louisiana v. Biden*, 55 F.4th 1017 (5th Cir. 2022). The rule of orderliness controls, especially because—unlike *Mayfield*—the Department's is a not longstanding, unbroken interpretation, but instead *raises* procurement costs for social policy reasons, contrary to previous understandings. *Compare id.* at 1024, 1030.

4. As shown by *Alabama Association of Realtors v. HHS*, 594 U.S. 758 (2021), programs worth nowhere near hundreds of billions of dollars can be major questions. *Mayfield* did not overrule that precedent.

Letter to Mr. Cayce, Clerk
Page 2

5. The Department cannot disavow its concession that the Wage Mandate will affect more than 1.2 million workers. Reply Br. 20-21. Up to 20% of workers potentially work "in connection" with covered contracts. *Louisiana*, 55 F.4th at 1028-29.

6. A politically significant program worth "nearly $3 billion in compliance costs" can be a major question. *BST Holdings, LLC v. OSHA*, 17 F.4th 604, 617 (5th Cir. 2021). Apart from costing nearly $20 billion on the Department's own (incorrect) math, a $15 p/hour wage was a central plank of a presidential campaign and was rejected by a bipartisan congressional coalition. That is politically significant.

7. The Department cannot meaningfully answer the hypotheticals on page 29 of the States' brief, nor can it explain why—under its theory—a president could not set a $150 p/hour wage. Such awesome power triggers both the major-questions doctrine and constitutional avoidance.

                      Respectfully submitted,

                      /s/ Aaron L. Nielson
                      Aaron L. Nielson
                      *Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)