

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8849

November 14, 2024

**Via CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, LA 70130

    RE:   *Texas v. Biden*, No. 23-40671 (argued August 6, 2024)

Dear Mr. Cayce:

    I write to respond to plaintiffs' letter concerning *Nebraska v. Su*, 2024 WL 4675411 (9th Cir. Nov. 5, 2024). The majority opinion in *Nebraska* is incorrect for reasons articulated in the dissent, in our briefs here, and in *Bradford v. DOL*, 101 F.4th 707 (10th Cir. 2024), *petition for cert. filed*, No. 24-232 (U.S. Aug. 28, 2024). We confine our response to the points raised in plaintiffs' letter.

    *First*, nothing in the longstanding interpretation of the Procurement Act treats the Act's "purpose statement as operative," 2024 WL 4675411, at *5. This Court has construed the purpose provision, 40 U.S.C. § 101, exactly as we do: "as a set of guidelines within which" policies and directives "must reside," *Louisiana v. Biden*, 55 F.4th 1017, 1023 n.17 (5th Cir. 2022), in order to be "consistent with this subtitle," 40 U.S.C. § 121(a).

    *Second*, the Ninth Circuit's parade-of-horribles reasoning is incorrect for reasons we explained here (Reply Br. 11-12). Unlike the hypotheticals discussed by the Ninth Circuit, the order challenged here simply prescribes specifications that agencies must set for the performance of covered contracts.

    *Third*, the Ninth Circuit erred in concluding that the implementing rule "cannot be deemed to promote economy and efficiency" because the agency had "confesse[d]" that governmental "expenditures [would] likely rise," 2024 WL 4675411, at *7. The agency did not determine that governmental costs were

likely to rise; it noted that such costs *could* rise if (1) the minimum-wage provision "increase[d] employers' costs" to a degree not offset by "productivity gains and cost-savings," and (2) "contractors pass[ed] along part or all of the increased cost." 86 Fed. Reg. 67,126, 67,206 (Nov. 24, 2021). And even if costs did rise, the agency explained that "benefits" to the government were "expected to accompany any such increase … , resulting in greater value to the Government." *Id.* As we have explained (Reply Br. 14-15), "economy" and "efficiency" refer not to cost but to value—the ratio of benefits to costs—and the agency explained why it was reasonable for the President to conclude that this requirement would produce greater value for the government.

        Sincerely,

        */s/ Daniel Winik*
        Daniel Winik

cc: All counsel (via CM/ECF)