

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8849

March 24, 2025

**Via CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, LA 70130

    RE:   *Texas v. Trump*, No. 23-40671

Dear Mr. Cayce:

    As plaintiffs have informed the Court, the President has revoked Executive Order 14,026. Consistent with the President's executive order, the Department of Labor has announced that it "is no longer enforcing Executive Order 14026 or the implementing rule (29 CFR part 23) and will take steps, including rescinding 29 CFR part 23, to implement and effectuate the revocation of Executive Order 14026." Dep't of Labor, Final Rule: Increasing the Minimum Wage for Federal Contractors (Executive Order 14026), https://www.dol.gov/agencies/whd/government-contracts/eo14026 (last visited Mar. 24, 2025).

    This appeal arises from a permanent injunction forbidding the government from enforcing Executive Order 14,026 and the implementing rule against the plaintiffs. There is no longer any live case or controversy between the parties about the lawfulness of that injunction, and the appeal is therefore moot.

    The government agrees with plaintiffs that, because mootness precludes further review of the panel opinion, it would be appropriate to vacate the panel opinion under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Applying that doctrine, the Supreme Court regularly vacates courts of appeals' decisions in cases that become moot before the losing party can obtain Supreme Court review. *See, e.g.*, *Biden v. Feds for Med. Freedom*, 144 S. Ct. 480 (2023). And courts of appeals, including this Court, commonly take the same approach where a case

becomes moot before the issuance of the mandate. *See, e.g.*, *United States v. Caraway*, 483 F.2d 215, 216 (5th Cir. 1973) (en banc) (per curiam); *United States v. Miller*, 685 F.2d 123 (5th Cir. Unit B 1982); *Hirschfeld v. ATF*, 14 F.4th 322, 327-328 (4th Cir. 2021), *cert. denied sub nom. Marshall v. ATF*, 142 S. Ct. 1447 (2022); *Clarke v. United States*, 915 F.2d 699, 706 (D.C. Cir. 1990) (en banc).

    Sincerely,

    */s/ Daniel Winik*
    Daniel Winik

cc:    All counsel (via CM/ECF)