# United States Court of Appeals
# for the Fifth Circuit

No. 23-40671

United States Court of Appeals
Fifth Circuit
**FILED**
March 28, 2025
Lyle W. Cayce
Clerk

STATE OF TEXAS; STATE OF MISSISSIPPI; STATE OF LOUISIANA,

               *Plaintiffs—Appellees*,

versus

PRESIDENT DONALD J. TRUMP, *in his official capacity as President of the United States*; DEPARTMENT OF LABOR; LORI CHAVEZ-DEREMER, *Secretary, U.S. Department of Labor, in her official capacity as United States Secretary of Labor*; JESSICA LOOMAN, *in her official capacity as Administrator of the United States Department of Labor, Wage & Hour Division*,

               *Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:22-CV-4
_____

## UNPUBLISHED ORDER

Before CLEMENT, GRAVES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:

  On February 4, 2025, this court reversed the district court's permanent injunction of Executive Order 14,026 and remanded for further proceedings. *Texas v. Trump*, 127 F.4th 606, 608 (5th Cir. 2025); *see also*

Exec. Order No. 14,026, 86 Fed. Reg. 22,835 (Apr. 27, 2021). On March 14, 2025, after we issued our opinion but before the mandate issued, President Trump rescinded Executive Order 14,206. Exec. Order No. 14,236, 90 Fed. Reg. 13,037, 13,037 (Mar. 14, 2025).

"[W]e must dispose of an appeal if 'an event occurs while a case is pending on appeal that makes it impossible for the court to grant . . . effectual relief whatever to a prevailing party.'" *Hill v. Washburne*, 953 F.3d 296, 304 (5th Cir. 2020) (quoting *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008)). Historically, we have "reverse[d] or vacate[d] the judgment below and remand[ed] with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *see, e.g.*, *St. Louis-S.F. Ry. Co. v. R.R. Yardmasters of Am., AFL-CIO*, 347 F.2d 983, 938–84 (5th Cir. 1965) (per curiam). The Supreme Court also often vacates decisions in cases that become moot before the losing party can obtain Supreme Court review. *See, e.g.*, *Biden v. Feds for Med. Freedom*, 144 S. Ct. 480 (2023).

Both parties agree that this appeal is moot and that it is appropriate to vacate our panel opinion in this case. Tex. Rule 28(j) Letter at 1–2, *Texas*, 127 F.4th 606 (No. 23-40671); Gov't Response to Rule 28(j) Letter at 1–2, *Texas*, 127 F.4th 606 (No. 23-40671). We agree. Because President Trump revoked Executive Order 14,026, there remains no live case or controversy about the lawfulness of the district court's injunction. *See Motient*, 529 F.3d at 537 ("An actual case or controversy must exist at every stage in the judicial process.").

Accordingly, we VACATE the panel opinion and judgment. We also VACATE the district court's opinion and judgment and REMAND to the district court with instructions to dismiss this case with prejudice.